OPINION
Appellant, Wilma M. Hronyetz, appeals from a judgment rendered by the Jefferson County Common Pleas Court affirming the Ohio Unemployment Compensation Review Commission's determination which denied appellant's request for unemployment benefits on the basis that she lacked just cause to quit her position with appellee, Osiris Holding Co., et al. For the following reasons, the judgment of the trial court is affirmed.
 STATEMENT OF FACTS
Appellant was employed by appellee as a family service manager. On April 14, 1999, appellant submitted a completed contract for processing to her administrator, Jody Dellaria. Dellaria told appellant that she could not accept the contract. An argument ensued. Appellant left the premises and did not return for work until April 20, 1999, six days later. Appellee contends that before appellant left, she told Dellaria that she quit. However, appellant maintains that she made no such communication to Dellaria or anyone else.
When appellant finally returned to work, she received a telephone call from the area manager, Tony Rocco. He informed her that her verbal resignation had been accepted.
Appellant filed an application for a determination of unemployment benefit rights. The Ohio Bureau of Employment Services issued an initial determination granting appellant unemployment benefits allowing the first claim for the week ending May 1, 1999. Appellee appealed, and the administrator affirmed the initial determination.
Appellee further appealed to the Review Commission pursuant to R.C.4141.28(G). A hearing was held on the matter. The Review Commission reversed the Bureau's decision and denied appellant unemployment benefits. It concluded that appellant quit her job with appellee without just cause. Appellant's request for reconsideration was denied.
Appellant appealed the decision to the Jefferson County Common Pleas Court. The trial court affirmed the Review Commission's determination. This appeal followed.
 ASSIGNMENTS OF ERROR
Appellant sets forth two assignments of error on appeal. Both assignments of error have a common basis in law and fact and will therefore be discussed together. They allege respectively:
 "THE JEFFERSON COUNTY COURT OF COMMON PLEAS ERRED IN AFFIRMING THE DECISION OF THE OHIO BUREAU OF EMPLOYMENT SERVICES BOARD OF REVIEW BECAUSE SAID DECISION WAS CONTRARY TO LAW AND AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE, AS THE DECISION STATES THAT APPELLANT QUIT HER POSITION, EVEN THOUGH THE TESTIMONY AT THE BOARD OF REVIEW HEARING AND AN AFFIDAVIT BY HER IMMEDIATE SUPERVISOR ARE TO THE CONTRARY."
 "THE JEFFERSON COUNTY COURT OF COMMON PLEAS ERRED IN AFFIRMING THE DECISION OF THE OHIO BUREAU OF EMPLOYMENT SERVICES BOARD OF REVIEW BECAUSE SAID DECISION WAS CONTRARY TO LAW AND AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE, AS THE BOARD OF REVIEW ERRONEOUSLY RULED AGAINST THE APPELLANT, BY ARBITRARILY AND UNREASONABLY MAKING UNWARRANTED FACTUAL FINDINGS AND INFERENCES."
 STANDARD OF REVIEW
An appellate court may reverse the Unemployment Compensation Review Commission's just cause determination only if it is unlawful, unreasonable, or against the manifest weight of the evidence. Tzangas,Plakas Mannos v. Ohio Bur. of Emp. Serv. (1995), 73 Ohio St.3d 694, syllabus. While appellate courts are not permitted to make factual findings or to determine the credibility of witnesses, we do have the duty to determine whether the commission's decision is supported by evidence in the record. Id. at 696. In addition, the fact that reasonable minds might reach different conclusions is not a basis for reversal of a decision of the commission. Irvine v. Unemployment Comp. Bd. of Review
(1985), 19 Ohio St.3d 15, 18.
 LAW AND ANALYSIS
R.C. 4141.29(D) provides that no individual who quits work without just cause may be paid unemployment compensation benefits. "Just cause," in the statutory sense, is that which, to an ordinary intelligent person, is a justifiable reason for doing or not doing a particular act. Booth v.Administrator (June 30, 1999), Mahoning App. No. 98CA109, unreported, citing Irvine, supra at 17. Just cause determinations in the unemployment compensation context must be consistent with the legislative purpose underlying the Unemployment Compensation Act. Tzangas, supra at 697. "The Act exists to enable unfortunate employees, who become and remain involuntarily unemployed by adverse business and industrial conditions, to subsist on a reasonably decent level and in keeping with the humanitarian and enlightened concepts of this modern day."Tzangas, supra, citing Irvine, supra at 17. However, "[w]hen an employee is at fault, he is no longer the victim of fortune's whims, but is instead directly responsible for [his] own predicament." Tzangas, supra
at 697-98.
Appellant has the burden of proving her entitlement to unemployment compensation benefits. Irvine, supra at 17. In an attempt to satisfy her burden, appellant presented evidence supporting her contention that she did not quit. Such evidence consisted of appellant's own testimony, wherein she relayed the events as she recalled them. She also offered an affidavit from her immediate supervisor, Mike McCombs, which stated that he was not, at any time, informed by appellant that she quit.
Conversely, appellees elicited testimony from Dellaria who asserted that, indeed, appellant quit on April 14, 1999. In addition, Dellaria indicated that McCombs did not hear appellant exclaim that she quit because he was only present for a brief moment during the argument and he was not nearby when appellant said she quit. This contention is supported by a written statement from McCombs to appellees. That statement claimed that he witnessed a dispute between appellant and Dellaria, but the dispute was strictly between those parties. He did not wish to comment further.
As previously noted, this court's evaluation of Review Commission determinations is limited. We are not permitted to make factual findings or determine the credibility of the witnesses. Irvine, supra at 18. Rather, our duty is to determine whether the decision of the Review Commission is supported by the evidence in the record. Id. In doing so, "[t]he fact that reasonable minds might reach different conclusions is not a basis for the reversal of the [Review Commission's] decisions" and the Review Commission's determinations on close questions will not be disturbed. Id. Where the Review Commission might reasonably decide a case either way, courts have no authority to upset its decision. Id.
The trial court recognized the strictures of such a limited standard. It noted that this case hinged on the credibility of the testimony at the hearing. The trial court stated that it was not permitted to substitute its judgment for that of the Review Commission. As such, it affirmed the Review Commission's decision.
Likewise, we do not find that the denial of unemployment compensation benefits to appellant was unlawful, unreasonable or against the manifest weight of the evidence. The Review Commission had evidence before it by which it could have reached its decision. It chose to believe that appellant quit her job. It chose not to give credibility to appellant's contention that she was fired. The Review Commission determined that appellant did not have just cause to issue her resignation as an ordinary, intelligent person would not find a disagreement with her administrator to be a justifiable reason to quit. Booth, supra. We cannot, and will not, substitute our judgment on these determinations which are supported by some credible evidence.
Accordingly, appellant's first and second assignments of error are without merit.
For the foregoing reasons, the judgment of the trial court is hereby affirmed.
 _____________ VUKOVICH, P.J.
Donofrio, J., concurs.
Waite, J., concurs.